George T. Foster, Plaintiff in Error, v. The Frank
Parmelee Company, Defendant in Error.

Gen. No. 17,293.

1. PERSONAL INJURIES—*effect of regulation of traffic by crossing officer.* In an action for personal injuries received through collision with defendant's cab, the attempted regulation of traffic by a crossing policeman does not place or release legal obligations of plaintiff or defendant, but is of importance in determining negligence of defendant and due care of plaintiff.

2. NEGLIGENCE—*when evidence sustains directed verdict.* In a personal injury action, where plaintiff, in crossing the street on foot was struck by the shaft of defendant's cab and the evidence shows that the cabman moved as directed by the crossing policeman, at a slow speed and without negligence, a judgment on an instructed verdict for the defendant is sustained.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT. Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

STEERE, WILLIAMS & STEERE and JOSEPH R. FAHY, for plaintiff in error.

WILLIS G. SHOCKEY and WILEY W. MILLS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

George T. Foster, the plaintiff below, and plaintiff in error here, brought suit against the Frank Parmelee Company, defendant below and defendant in error here, because of injuries received by him through a collision with a cab belonging to the defendant and driven by one of the defendant's servants. Mr. Foster was attempting on foot to cross a much traveled east and west thoroughfare in the city of Chicago (Jackson Boulevard) from south to north just east of an intersecting north and south street (Dearborn street). The cab was driven from west to east. As usual at street intersections in the business portions

of Chicago, there is an attempt to regulate the movement of both vehicles and pedestrians at this crossing, and on this occasion a police officer in charge had given by a whistle the signal for carriages and pedestrians to cross from east to west and west to east, and for the intermission of the north and south movement. This attempted regulation of course neither placed nor released legal obligations of the plaintiff or defendant, but it is of importance in considering the only questions which were litigated in this cause—the negligence of the defendant's servant and the due care of the plaintiff.

The plaintiff had a companion on his left. According to what we deem the weight of the evidence, a line of vehicles—some of them automobiles—was moving from east to west on the north side of Jackson Boulevard, and a line of vehicles, of which the cab in question was in the lead, was passing on the south side from the west to the east. The left shaft or thill of the cab passed behind the back of the plaintiff's companion and struck the plaintiff and knocked him down and injured him. There seems to be some uncertainty in the testimony as to just where it was with reference to the cross walk that the plaintiff was knocked down, one witness placing it fifteen or twenty feet east of the cross walk, while the implication of other evidence seems to be that it was on or very near to the cross walk. But there is substantial agreement that it was probably not more than ten feet north of the curb and certainly between the center of the street and the south curb.

There were several eyewitnesses of the accident, but while there is a variation in their account, we cannot find, on an analysis of all the testimony, that there is evidence that the defendant was negligent or that the plaintiff was in the exercise of due care just then. The court below evidently took this view and peremptorily instructed the jury for the defendant. The judgment entered on the directed verdict is attacked by this writ of error.

Foster v. The Frank Parmelee Co., 179 Ill. App. 21.

The evidence leaves it much in doubt whether the occurrence was not one of those pure accidents which in the crowded streets of a great city may and do happen without the fault or negligence of any one. Such testimony as exists concerning the speed at which the cab was moving, is to the effect that it was not great nor improper, but judiciously slow. Nor is there any fair inference to be drawn from the circumstances shown that, as counsel for plaintiff contends, this testimony is false or mistaken. It does not appear how far across Dearborn street the cab had gone before the plaintiff and his friend stepped from the sidewalk into the street. If we were at liberty to indulge in guessing we should not consider it unlikely that the theory suggested by the defendant was correct, that "dodging the traffic," like the man who preceded them in crossing, these two companions undertook to pass over (taking chances that all pedestrians are obliged to in Chicago streets) while vehicles were coming and going, and that to shun one going west plaintiff stepped almost unconsciously back and was hit by the shaft of the cab which had passed safely by his companion to his left.

There are, however, portions of the testimony adduced which are inconsistent with this, and we do not mean to be understood as giving it as our theory of the accident. We are not at liberty to speculate or guess on these matters and on them base a finding. But we are bound not to interfere with the instructed verdict and the judgment thereon unless we find in the evidence something to prove negligence on the part of the defendant, and this we do not find. We think the trial judge was right. So far as appears the cabman was moving as he was directed and without recklessness.

No verdict rendered for the plaintiff could have been allowed to stand.

The judgment of the Municipal Court is affirmed.

*Affirmed.*